Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JUAN COMONFORT, MANUEL CALDERON MENENDEZ,
and SILBINO TELLEZ GOMEZ, individually and on behalf of all
others similarly situated,

                                     Plaintiffs,

      -against-

SSMK INC. D/B/A TRIPLE A RESTAURANT, and JACK
SHIN, as an individual,

                                 Defendants.
-------------------------------------------------------------------X

**COLLECTIVE ACTION
COMPLAINT**

**JURY TRIAL
DEMANDED**

1. Plaintiffs, **JUAN COMONFORT, MANUEL CALDERON MENENDEZ, and SILBINO TELLEZ GOMEZ, individually and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

2. Plaintiffs, **JUAN COMONFORT, MANUEL CALDERON MENENDEZ, and SILBINO TELLEZ GOMEZ, individually and on behalf of all others similarly situated**, through undersigned counsel, bring this action against **SSMK INC. d/b/a TRIPLE A RESTAURANT, and JACK SHIN, as an individual**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at SSMK INC. d/b/a TRIPLE A RESTAURANT, located at 2061 2nd Avenue, New York, New York 10029.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount

exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff JUAN COMONFORT residing at 1500 Grand Concourse, Bronx, New York 10457, was employed from in or around February 2007 until in or around August 2018 by Defendants at SSMK INC. d/b/a TRIPLE A RESTAURANT.

9. Plaintiff MANUEL CALDERON MENENDEZ residing at 104-32 38th Avenue, Corona, New York 11368, was employed from in or around May 2008 until in or around March 2019 by Defendants at SSMK INC. d/b/a TRIPLE A RESTAURANT.

10. Plaintiff SILBINO TELLEZ GOMEZ residing at 310 East 112th Street, New York, New York 10029, was employed from in or around September 1999 until in or around August 2018 by Defendants at SSMK INC. d/b/a TRIPLE A RESTAURANT.

11. Upon information and belief, Defendant, SSMK INC. d/b/a TRIPLE A RESTAURANT is a corporation organized under the laws of New York with a principal executive office at 2061 2nd Avenue, New York, New York 10029.

12. Upon information and belief, Defendant, SSMK INC. d/b/a TRIPLE A RESTAURANT is a corporation authorized to do business under the laws of New York.

13. Upon information and belief, Defendant JACK SHIN owns and/or operates SSMK INC. d/b/a TRIPLE A RESTAURANT.

14. Upon information and belief, Defendant JACK SHIN is the Chief Executive Officer of SSMK INC. d/b/a TRIPLE A RESTAURANT.

15. Upon information and belief, Defendant JACK SHIN is an agent of SSMK INC. d/b/a TRIPLE A RESTAURANT.

16. Upon information and belief, Defendant JACK SHIN has power over personnel decisions at SSMK INC. d/b/a TRIPLE A RESTAURANT.

17. Upon information and belief, Defendant JACK SHIN has power over payroll decisions at SSMK INC. d/b/a TRIPLE A RESTAURANT.

18. Defendant JACK SHIN has the power to hire and fire employees at SSMK INC. d/b/a TRIPLE A RESTAURANT, establish and pay their wages, set their work schedule, and maintains their employment records.

19. During all relevant times herein, Defendant JACK SHIN was Plaintiffs' employer within the meaning of the FLSA and NYLL.

20. On information and belief, SSMK INC. d/b/a TRIPLE A RESTAURANT is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

21. Plaintiff JUAN COMONFORT was employed from in or around February 2007 until in or around August 2018 by Defendants at SSMK INC. d/b/a TRIPLE A RESTAURANT, located at 2061 2nd Avenue, New York, New York 10029.

22. During Plaintiff JUAN COMONFORT'S employment by Defendants, Plaintiff's primary duties were as a cleaner, food preparer, and pizza maker, while performing other miscellaneous duties from in or around February 2007 until in or around August 2018.

3

23. Plaintiff JUAN COMONFORT was paid by Defendants approximately $370.00 per week from in or around June 2013 until in or around December 2016, and approximately $470.00 per week from in or around January 2017 until in or around August 2018.

24. Plaintiff worked approximately sixty (60) hours or more per week during his employment by Defendants from in or around June 2013 until in or around August 2018.

25. Although Plaintiff JUAN COMONFORT worked approximately sixty (60) hours or more per week during his employment by Defendants from in or around June 2013 until in or around August 2018, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

26. Plaintiff MANUEL CALDERON MENENDEZ was employed from in or around May 2008 until in or around March 2019 by Defendants at SSMK INC. d/b/a TRIPLE A RESTAURANT, located at 2061 2nd Avenue, New York, New York 10029.

27. During Plaintiff MANUEL CALDERON MENENDEZ'S employment by Defendants, Plaintiff's primary duties were as a cleaner, dishwasher, food preparer, griller, and cook, while performing other miscellaneous duties from in or around May 2008 until in or around March 2019.

28. Plaintiff MANUEL CALDERON MENENDEZ was paid by Defendants approximately $500.00 per week from in or around June 2013 until in or around December 2013, approximately $550.00 per week from in or around January 2014 until in or around December 2015, approximately $600.00 per week from in or around January 2016 until in or around December 2016, and approximately $700.00 per week from in or around January 2017 until in or around March 2019.

29. Plaintiff MANUEL CALDERON MENENDEZ worked approximately sixty (60) hours or more per week during his employment by Defendants from in or around June 2013 until in or around June 2018, and approximately seventy (70) hours or more per week from in or around July 2018 until in or around March 2019.

30. Although Plaintiff MANUEL CALDERON MENENDEZ worked approximately sixty (60) hours or more per week during his employment by Defendants from in or around

June 2013 until in or around June 2018, and approximately seventy (70) hours or more per week from in or around July 2018 until in or around March 2019, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

31. Plaintiff SILBINO TELLEZ GOMEZ was employed from in or around September 1999 until in or around August 2018 by Defendants at SSMK INC. d/b/a TRIPLE A RESTAURANT, located at 2061 2nd Avenue, New York, New York 10029.

32. During Plaintiff SILBINO TELLEZ GOMEZ'S employment by Defendants, Plaintiff's primary duties were as a cleaner and pizza maker, while performing other miscellaneous duties from in or around September 1999 until in or around August 2018.

33. Plaintiff SILBINO TELLEZ GOMEZ was paid by Defendants approximately $580.00 per week from in or around June 2013 until in or around August 2018.

34. Plaintiff worked approximately sixty (60) hours or more per week during his employment by Defendants from in or around June 2013 until in or around August 2018.

35. Although Plaintiff SILBINO TELLEZ GOMEZ worked approximately sixty (60) hours or more per week during his employment by Defendants from in or around June 2013 until in or around August 2018, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

36. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

37. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

38. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

40. Collective Class: All persons who are or have been employed by the Defendants as cleaners, dishwashers, food preparers, grillers, cooks, pizza makers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation.

41. Upon information and belief, Defendants employed between 15 and 20 employees within the past three years subjected to similar payment structures.

42. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

43. Defendants' unlawful conduct has been widespread, repeated, and consistent.

44. Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.

45. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

46. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

47. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

48. The claims of Plaintiffs are typical of the claims of the putative class.

49. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

50. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

51. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

52. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

53. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

54. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

55. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

56. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

57. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

58. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

59. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

60. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

61. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION

### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

62. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

63. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

64. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

65. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

66. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3).

67. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

    a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

    b. Awarding Plaintiffs unpaid overtime wages;

    c. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

    d. Awarding Plaintiffs prejudgment and post-judgment interest;

    e. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

    f. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: This 12th day of June 2019.

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN COMONFORT, MANUEL CALDERON MENENDEZ, and SILBINO TELLEZ GOMEZ, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

SSMK INC. d/b/a TRIPLE A RESTAURANT, and JACK SHIN, as an individual,

Defendants.

## SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**

**SSMK INC. d/b/a TRIPLE A RESTAURANT**
**2061 2ND AVENUE**
**NEW YORK, NEW YORK 10029**

**JACK SHIN**
**2061 2ND AVENUE**
**NEW YORK, NEW YORK 10029**