

# HELEN F. DALTON & ASSOCIATES, P.C.

ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415
Tel. (718) 263-9591 Fax. (718) 263-9598
HELENDALTONPC@HELENDALTON.COM

June 24, 2020

**Via ECF**
The Honorable Judge Debra C. Freeman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: **Comonfort, et al. v. SSMK, Inc., et al.**
   **19-CV-5498 (DCF)**

Dear Judge Freeman:

Our office represents the Plaintiffs in the above-captioned action and submit this motion on behalf of both parties to request the Court's approval of the settlement agreement ("Settlement Agreement"), between the parties. The Settlement Agreement attached hereto as Exhibit 1 memorializes the terms agreed upon by the parties during their court-annexed mediation session on June 11, 2020 and follow-up mediation session on June 15, 2020.

**Settlement Terms**

The parties reached a settlement to resolve all claims asserted in this matter for $85,000.00, including attorneys' fees (which are addressed below). The parties reached this settlement with the assistance of the SDNY court-annexed mediation program and after approximately six hours of negotiation over the course of two days.

**Plaintiffs' Settlement Position**

Plaintiffs Juan Comonfort ("Comonfort"), Manuel Calderon Menendez ("Menendez") and Silbino Tellez Gomez ("Gomez") bring this action alleging that they were employed by SSMK Inc. d/b/a Triple A Restaurant and Jack Shin (collectively, "Defendants") as cooks, cleaners, food preparers and dishwashers at Defendants' restaurant located at 2061 2nd Avenue, New York, New York 10029. In general, Plaintiffs allege that they were required to work in excess of forty (40) hours per workweek without receiving proper overtime compensation in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

As this action was filed in July 2019, the relevant statutory period for Plaintiffs' claims begins in July 2013. All three Plaintiffs were long-term employees of Defendants and all began their employment long before the start of the statutory period.

During the relevant statutory period, Comonfort alleged that he worked approximately 60 hours per week. Comonfort alleged that he was paid a flat weekly salary until his employment ended in August 2018.

During the relevant statutory period, Menendez alleged that he worked approximately 60 to 70 hours per week. Menendez alleged that he was paid a flat weekly salary that gradually increased until his employment ended in March 2019.

During the relevant statutory period, Gomez alleged that he worked approximately 60 hours per week. Gomez alleged that he was paid a flat weekly salary until his employment ended in August 2018.

Plaintiffs allege that they were not paid time-and-a-half for their hours worked in excess of forty (40) hours per week, but instead received a flat weekly salary that did not account for any of their overtime hours in violation of the FLSA and NYLL. Plaintiffs also alleged that they were entitled to damages for Defendants' failure to provide wage statements and wage notices in accordance with the NYLL. Plaintiffs' estimation of unpaid wages was approximately $350,000.00.

Although Plaintiffs were confident that they could succeed on all of their claims at trial, their preference was for a guaranteed payment through a court-approved settlement agreement. In accepting the Defendants' offer, Plaintiffs primarily took into account Defendants' financial situation and the ability to collect on a larger judgment should the matter have proceeded to trial, and the timing of payment in the near future as opposed to the uncertainty of a trial at a much later date.

Defendants provided an abundance of financial documents during the mediation that revealed an inability to pay a larger settlement. These documents were provided to the mediator, who carefully reviewed these documents, and Plaintiffs were able to question Defendants in detail about these records and their assets in general. Individual Defendant Jack Shin also no longer owns the restaurant in question, provided documents in support of his sale of the business, and showed that he does not have any ownership in any other business. As Mr. Shin is over the age of 80, his advanced age raised concerns about future collectability issues should this case have not settled at mediation.

**Plaintiff's Recovery and Requested Attorneys' Fees**

The parties agreed to settle all claims asserted in this matter for $85,000.00 in one payment within 30 days of receiving Court approval of the Agreement. The parties believe that this amount is reasonable in light of Plaintiff's claims and Defendants' financial situation.

Plaintiffs will recover $56,226.00 after attorneys' fees and expenses pursuant to the Agreement and in accordance with their retainer agreement with Plaintiffs' counsel. Plaintiffs' counsel respectfully requests one-third of the net settlement amount (after expenses have been deducted), consistent with the fee arrangement regularly approved by this Court. Each Plaintiff will receive an amount proportional to Plaintiffs' counsel's individualized calculations of damages, which take into account the length of each Plaintiff's employment, each Plaintiff's hours worked per week, and each Plaintiff's rate of pay.

Additionally, Plaintiff's counsel respectfully requests reimbursement of $662.00, for identifiable expenses, which include the Southern District of New York filing fee ($400.00), the costs of serving Defendants through their process server, Anke Judicial Services, Inc. ($255.00) and postage fees ($7.00).

Therefore, the total amount to be paid to Plaintiff's counsel, including reimbursement of expenses, is $28,774.00.

**Settlement Amount:** $85,000.00
**Attorneys' Expenses:** $662.00
**Settlement less Expenses:** $84,338.00
**Requested Attorneys' Fees:** $28,112.00 ($84,338.00 / 3)
**Total payable to Attorneys:** $28,774.00 ($28,112.00 + $662.00)
**Total payable to Plaintiff Juan Comonfort:** $15,226.00
**Total payable to Plaintiff Manuel Calderon Menendez:** $22,000.00
**Total payable to Plaintiff Silbino Tellez Gomez:** $19,000.00

Plaintiffs' counsel and their clients have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.*, 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013).

Here, Plaintiffs' counsel is seeking attorneys' fees in the amount of one-third of the settlement total, pursuant to the retainer agreement entered into with the client. Since one-third is the standard amount allowed to attorneys in FLSA cases, and the Plaintiff entered into a

contract for this amount with his counsel, this amount is not unreasonable, and *Cheeks* does not disagree. Furthermore, the Agreement was drafted by experienced counsel and does not include a confidentiality clause or an overreaching release that would otherwise prevent the Court from approving the Agreement. The Agreement was the product of arms-length negotiations, with the assistance of a court-appointed mediator and without any possibility of collusion.

    In closing, the parties respectfully submit that the Agreement is fair and reasonable, and therefore request that the Court approve or so order the Agreement.

Respectfully submitted,

/s/
James O'Donnell, Esq.
*Attorneys for Plaintiffs*